IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BELMONT ABBEY COLLEGE,<br><br>            Plaintiff,<br><br>      v.<br><br>KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; HILDA SOLIS, Secretary of the United States Department of Labor; UNITED STATES DEPARTMENT OF LABOR; TIMOTHY GEITHNER, Secretary of the United States Department of the Treasury, and UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>            Defendants. | Civil Action No.<br>1:11-cv-01989-JEB |

**DEFENDANTS' MOTION, AND MEMORANDUM
IN SUPPORT THEREOF, FOR A SECOND EXTENSION OF TIME
TO RESPOND TO THE COMPLAINT**

Defendants, through their undersigned attorneys, hereby move for an extension of time to respond to the Complaint in the above-captioned matter. Defendants were served on November 15, 2011. On January 6, 2012, this Court granted defendants' request for a two-week extension of time to respond to the Complaint. Thus, defendants' responsive pleading or motion is due on January 31, 2012, absent an order from the Court extending the deadline.

Defendants request a sixteen-day extension of this deadline, giving them until February 16, 2012 to file a responsive pleading or motion. Plaintiff challenges interim final regulations issued by the three defendant agencies on July 19, 2010 and amended on August 1, 2011 that implement the preventive services coverage provision of the Patient Protection and Affordable

Care Act, Pub. L. No. 111-148, § 1001, 124 Stat. 119 (March 23, 2010) ("Affordable Care Act"). On January 20, 2012, defendants announced their intention to issue final rules addressing public comments on the August 1, 2011 amended final rule. *See* U.S. Department of Health and Human Services, News Release, *available at* http://www.hhs.gov/news/press/2012pres/01/20120120a.html. Defendants are working diligently to promulgate the final rules, which may have relevance to defendants' response to the Complaint in this case. Defendants request additional time to respond to the Complaint so that they may incorporate any relevant discussion of the final rules into their responsive pleading or motion in the event the final rules are issued before February 16, 2012.

Additional time is also necessary to consult with the agency defendants. As noted above, plaintiff challenges regulations issued by three separate agencies. Extensive consultation with, and coordination among, these agencies is required to respond to the Complaint.

The requested extension will not result in any harm to plaintiff. Plaintiff will not have to do anything with respect to the challenged regulations, if at all, before January 2013, and there is no reason to suspect that the Court will not be able to address plaintiff's claims by that date. The challenged regulations generally require group health plans and health insurance issuers that offer group or individual health insurance to provide coverage for certain recommended preventive services without cost-sharing. Pub. L. No. 111-148, § 1001. This requirement does not apply to group health plans and health insurance coverage already in place when the Affordable Care Act was enacted, and not changed in certain significant ways. Where applicable, the regulations require a plan or issuer to provide coverage of new recommended preventive services "for plan years (in the individual market, policy years) that begin on or after

the date that is one year after the date the recommendation or guideline is issued." 26 C.F.R. § 54.9815-2713T(b)(1); 29 C.F.R. § 2590.715-2713(b)(1); 45 C.F.R. § 147.136(b)(1). The Health Resources Services Administration ("HRSA") women's preventive services guidelines were issued on August 1, 2011. *See* http://www.hrsa.gov/womensguidelines/. Moreover, plaintiff's Complaint alleges that its plan year will begin on January 1, 2013. Therefore, plaintiff will not have to comply with the aspect of the regulations that it challenges, if at all, before January 2013–the start of its plan year that begins on or after August 1, 2012, one year after the date on which the relevant HRSA guidelines were issued. Because there is no reason to suspect that the Court will not be able to address plaintiff's claims by January 2013, plaintiff will not be harmed if defendants' request for an extension of time is granted.

As noted above, defendants have requested, and received, one prior extension of this deadline.

Pursuant to Local Rule 7(m), counsel for defendants contacted counsel for plaintiff regarding the requested extension, but counsel were unable to come to an agreement regarding the terms of an extension that was agreeable to both parties.

For the foregoing reasons, defendants request that the Court grant their motion for an extension of time—until February 16, 2012—to respond to the Complaint.

Respectfully submitted this 27th day of January, 2012,

        TONY WEST
        Assistant Attorney General

        RONALD C. MACHEN JR.
        United States Attorney

        SHEILA M. LIEBER
        Deputy Director, Federal Programs Branch

        /s/ Michelle R. Bennett
        MICHELLE R. BENNETT
        Trial Attorney (CO Bar No. 37050)
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue NW  Room 7310
        Washington, D.C.  20530
        Tel: (202) 305-8902
        Fax: (202) 616-8470
        Email: michelle.bennett@usdoj.gov

        Attorneys for Defendants.