**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BELMONT ABBEY COLLEGE,

    Plaintiff,

        v.

KATHLEEN SEBELIUS, Secretary of the
U.S. Department of Health and Human
Services, *et al.*,

    Defendants.

Civil Action No. 11-1989 (JEB)

<u>MEMORANDUM OPINION AND ORDER</u>

On July 18, 2012, this Court held that it lacked subject-matter jurisdiction to hear Plaintiff Belmont Abbey's challenge to contraceptive-coverage regulations issued by Defendants. It accordingly dismissed the instant action without prejudice. On July 23, Belmont Abbey moved for reconsideration under Federal Rule of Civil Procedure 59(e), arguing first that the threat of private lawsuits satisfies the injury requirement for both standing and ripeness purposes and, second, that the rules are fit for judicial review because they are final and will expose Belmont Abbey to liability beginning in January 2013. As Belmont's Motion simply restates arguments already presented to the Court in its Opposition to Defendants' Motion to Dismiss – without offering previously unavailable evidence or showing manifest error or injustice – the Court will deny the Motion.

I.     **Legal Standard**

Rule 59(e) permits the filing of a motion to alter or amend a judgment when such motion is filed within 28 days after the judgment's entry. The court must apply a "stringent" standard when evaluating Rule 59(e) motions. <u>Ciralsky v. CIA</u>, 355 F.3d 661, 673 (D.C. Cir. 2004). "A

1

Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting Nat'l Trust v. Dep't of State, 834 F. Supp. 453, 455 (D.D.C. 1993)); see also 11 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed. 1995) ("four basic grounds" for Rule 59(e) motion are "manifest errors of law or fact," "newly discovered or previously unavailable evidence," "manifest injustice," and "intervening change in controlling law").  Rule 59(e), moreover, "is not a vehicle to present a new legal theory that was available prior to judgment." Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012).

## II.    Analysis

In its Motion for Reconsideration, Belmont Abbey asks this Court to revisit the same arguments it just rejected.  First, Plaintiff contends that even if the safe harbor will protect Belmont from government enforcement of the challenged regulations, it faces imminent injury from the threat of private-party suits to enforce the contraceptive-coverage Mandate.  See Mot. at 3 ("Defendants' exposure of Belmont Abbey College to additional ERISA lawsuits beginning in January 2013 under the existing final rule is an imminent injury, sufficient for both standing and ripeness purposes.") (citing Chamber of Commerce of U.S. v. F.E.C., 69 F.3d 600, 603 (D.C. Cir. 1995)). Belmont raised precisely the same point in its earlier Opposition, as it openly acknowledges in the current Motion.  See Mot.  at 3 ("As set forth in Plaintiff's Opposition to the Motion to Dismiss at 28-29, by virtue of enacting the Rule, the Defendants have exposed Belmont Abbey to private lawsuits seeking to enforce compliance with the Mandate under ERISA.") (citing 29 U.S.C. §§ 1185d(a)(1), 1132(a)(1)(B)); see also Opp. at 29 ("[E]ven without enforcement by Defendants, Belmont Abbey would still be subject to enforcement by its plan

participants and beneficiaries" under ERISA).  The Supreme Court has made clear that a Rule 59(e) motion "'may not be used to relitigate old matters.'"  Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (quoting 11 Wright & Miller, Federal Prac. & Proc. Civ. § 2810.1).  By simply re-raising arguments set forth in its Opposition, that is exactly what Belmont seeks to do.

On this go-round, unlike in its Opposition, Belmont attaches a declaration and eight EEOC Determination Letters to its Motion, indicating that it has been the subject of several EEO complaints regarding its denial of contraceptive benefits.  See Mot., Decl. & Exhs. 1-8.  As a preliminary matter, these complaints do not relate to the Affordable Care Act's regulations at all; on the contrary, they arise under a completely different statute – Title VII's sex-discrimination provisions.   In addition, this evidence can hardly be considered newly available.  See Firestone, 76 F.3d at 1208.  Indeed, all the EEOC letters are dated July 30, 2009, and thus existed for nearly three years before Belmont filed its Opposition to Defendants' Motion to Dismiss.  Id.  The Complaint's reference to "employee complaints to the EEOC [and] an EEOC investigation" regarding contraceptive coverage, moreover, reveals that Plaintiff was well aware before filing its Opposition that evidence of this kind existed.  See Compl., ¶ 32; Am. Compl., ¶ 31.  Since Rule 59(e) is not a vehicle for "'present[ing] evidence that could have been raised prior to the entry of judgment,'" Exxon Shipping, 554 U.S. at 486 n.5 (quoting 11 Wright & Miller, Federal Prac. & Proc. Civ. § 2810.1), and Belmont has not offered any reason why it could not have submitted these documents with its Opposition, the Court will not retread old ground.

Second, Belmont Abbey disputes the Court's ruling that the regulations are not fit for judicial review at this time.  See Mem. Op. at 20 (challenged rule not sufficiently final to satisfy fitness prong of ripeness inquiry).  In essence, Belmont contends that the contraceptive-coverage Mandate is a "final rule" that will "expos[e] Belmont to liability" starting on January 1, 2013 –

the effective date of its first plan year to begin on or after August 1, 2012.   Mot. at 6, 7; 42 U.S.C. § 300gg-13(b); 76 Fed. Reg. 46623; Am. Compl., ¶ 33.

Two arguments – both of which were raised earlier – are subsumed within this contention.  First, the "exposure" portion is a variation of the argument discussed above with respect to private-party enforcement actions.  Even though the safe harbor will protect Belmont Abbey from government enforcement until January 2014, Plaintiff maintains that the regulations are subject to judicial scrutiny now because it could face private suits as early as January of next year.  See id.  The Court already addressed this argument in its Opinion, finding that the Departments' position on contraceptive coverage by certain organizations with religious objections remained in flux and that the interest in postponing review under these circumstances outweighed any hardship Plaintiff might face on account of the delay.  See Mem. Op. at 23-24. Since Plaintiff has neither offered newly discovered evidence nor shown manifest error or an intervening change in the law, the Court's decision on this point will stand.  See Firestone, 76 F.3d at 1208.

The second component of Belmont's "fitness" argument is that the regulations that require health plans to cover all FDA-approved contraceptive methods are final and thus fit for judicial review now.  See Mot. at 6-7.  This argument was raised by Belmont in its previous Opposition and subsequently considered and rejected by this Court.  See Opp. at 21 (contending that the Mandate, which was "'adopted as final rule without change,'" is "truly final for purposes of the ripeness doctrine") (emphasis in original); Mem. Op. at 19-20 (holding that the Departments' position on the contraceptive-coverage Mandate remains tentative and is therefore insufficiently final for judicial review).  Since the Court has already addressed this contention in depth in its Opinion and Belmont has failed to articulate a legitimate basis for reconsideration

here, the Court need not revisit the merits of the argument.  See Exxon Shipping Co. v. Baker, 554 U.S. at 486 n.5 (Rule 59(e) Motion "'may not be used to relitigate old matters.'") (internal citation omitted).

Even if the Court were to look once again at the arguments in Belmont's Motion, such inquiry would not change the outcome of the case, let alone show manifest error or injustice. The threat of future litigation is inadequate to satisfy the imminent-injury component of the standing doctrine.  See City of Orville v. FERC, 147 F.3d 979, 987 (D.C. Cir. 1998) ("'Allegations of injury based on predictions regarding future legal proceedings are … too speculative to invoke the jurisdiction of an Article III Court.'") (quoting Platte River Whooping Crane Critical Habitat Maintenance Trust v. FERC, 962 F.2d 27, 35 (D.C. Cir. 1992)) (alteration in original); see also Salvation Army v. Dep't of Cmty. Affairs of New Jersey, 919 F.2d 183, 193 (3d Cir. 1990) ("theoretical possibility of a suit against [plaintiff] by a program beneficiary" insufficient to establish jurisdiction).

Belmont's argument regarding the specter of private litigation, moreover, is less persuasive today than it was at the time of the Court's initial ruling.  Since this Court granted Defendants' Motion to Dismiss in July, another judge in this District dismissed a similar case on jurisdictional grounds.  See Wheaton College v. Sebelius, et al., --- F. Supp. 2d ----, 2012 WL 3637162 (D.D.C. Aug. 24, 2012).   In that case, Wheaton College, a Christian educational institution, challenged the same contraceptive-coverage regulations at issue here.  Judge Ellen Huvelle found that Wheaton had failed to establish standing, holding among other things that its exposure to private enforcement actions did not constitute "'actual or imminent'" injury.  Id. at *5 (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).

<u>Wheaton</u> likewise agreed with this Court that the regulations are not ripe for judicial review because the agency's position on the contraceptive-coverage requirement remains "tentative."   <u>Id.</u> at *8 ("Because they are in the process of being amended, <u>see</u> 77 Fed.Reg. at 16,501 (ANPRM), the preventive services regulations are by definition a tentative agency position 'in which the agency expressly reserves the possibility that its opinion might change.'") (citations omitted); <u>accord</u> <u>Nebraska ex. rel. Bruning v.  U.S. Dept. of Health and Human Services,</u> --- F. Supp. 2d ----, 2012 WL 2913402, at *22 (D. Neb., July 17, 2012) (Plaintiffs' claims unripe due to "tentative nature of Departments' position on religious accommodations to the ACA's contraceptive coverage requirements").   Belmont's Motion does not provide any indication that the Departments' plans to amend the regulations have changed since this Court dismissed its case.   The Court, accordingly, finds no basis for revisiting its earlier ruling that the regulations do not satisfy the finality prong of the ripeness analysis.

**III.    Conclusion**

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Reconsideration is DENIED.

/s/ <i>James E. Boasberg</i>
JAMES E. BOASBERG
United States District Judge

Date:  September 5, 2012